UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL LEWIS, et al.,<br><br>   Plaintiffs,<br><br> v.<br><br>HILLTOP GROUP, L.P., et al.,<br><br>   Defendants. | Case No. 25-cv-03398-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO STRIKE**<br><br>Re: Dkt. No. 22 |

Pending before the Court is Plaintiffs' motion to strike affirmative defenses. Dkt. No. 22 ("Mot."); Dkt. No. 23 ("Opp."); Dkt. No. 24 ("Reply"). The Court finds this matter appropriate for disposition without oral argument, and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **GRANTS IN PART** and **DENIES IN PART** the motion to strike.

### I. BACKGROUND

Plaintiffs Samuel Lewis and Patricia Olison filed this class action complaint in April 2025, alleging that Defendants have failed to keep their senior community safe and refused to grant reasonable accommodation requests. *See* Dkt. No. 1 ("Compl.") ¶¶ 1, 3. Plaintiffs bring claims for violation of FEHA, the FHA, California Government Code § 11135, the Disabled Persons Act, and the Unruh Act, and for breach of the warranty of habitability and negligence. *See* Compl. ¶¶ 61–132. Defendants filed an answer in May 2025. Dkt. No. 13. Plaintiffs now move to strike Defendants' affirmative defenses. *See* Dkt. No. 22.

### II. MOTION TO STRIKE

Plaintiffs move to strike all seventeen of Defendants' affirmative defenses, arguing that Defendants have failed to plead sufficient facts to make each defense plausible. Mot. at 10.

Plaintiffs additionally argue that Defendants' first, thirteenth, and seventeenth defenses are not affirmative defenses, and Defendants' fourteenth and fifteenth affirmative defenses do not apply to the claims pled. *Id.* at 11–12.

### A. Legal Standard

Federal Rule of Civil Procedure 12(f) authorizes a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." An affirmative defense is insufficiently pleaded if it fails to give the opposing party "fair notice" of the nature of the defense. *See Wyshak v. City Nat. Bank*, 607 F.2d 824, 827 (9th Cir. 1979). In moving to strike, a party seeks "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). "Because motions to strike a defense as insufficient are disfavored, they will not be granted if the insufficiency of the defense is not clearly apparent." *G & G Closed Circuit Events, LLC v. Nguyen*, No. 10-CV-00168-LHK, 2010 WL 3749284, at *1 (N.D. Cal. Sept. 23, 2010) (quotation omitted). In ruling on a motion to strike, a "court[ ] may not resolve disputed and substantial factual or legal issue[s]." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quotation omitted); *cf. Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991) ("[M]otions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation."). "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court." *Kanaan v. Yaqub*, 709 F. Supp. 3d 864, 867 (N.D. Cal. 2023) (quotation omitted).[1]

### B. Discussion

#### a. Insufficiency of the Pleadings

Plaintiffs first argue that Defendants' affirmative defenses are all "pled in boilerplate and

---

[1] This Court remains among "the robust and growing ranks of district courts that have lamented the time and expense squandered on Rule 12(f) motions," *see Inn S.F. Enter., Inc. v. Ninth Street Lodging, LLC*, No. 3:16-CV-00599-JD, 2016 WL 8469189, at *1 (N.D. Cal. Dec. 19, 2016), and agrees that motions to strike "serve little useful purpose in modern federal practice, and are often wielded mainly to cause delay and inflict needless burdens on opposing parties," *id.*

2

conclusory fashion without supporting factual allegations" and fail to satisfy the *Twombly* and *Iqbal* pleading standard. Mot. at 10. Under Federal Rule of Civil Procedure 8(b)(1), a defendant's answer must "(A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1). Denials must also "fairly respond to the substance of the allegation." Fed. R. Civ. P. 8(b)(2). The Ninth Circuit has not, however, definitively decided whether the standards articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), also apply to affirmative defenses. This Court has previously concluded—like many other courts in this district—that the *Twombly/Iqbal* standard should apply to affirmative defenses. *See, e.g.*, *Packlane, Inc. v. Best & Flanagan, LLP*, No. 23-CV-03496-HSG, 2023 WL 8458263, at *4 (N.D. Cal. Nov. 20, 2023); *accord BGC, Inc. v. Bryant*, No. 22-CV-04801-JSC, 2023 WL 4138287, at *4 (N.D. Cal. June 21, 2023) (collecting cases). Other courts, however, have recently held that the *Twombly/Iqbal* standard should not apply. *See Kanaan*, 709 F. Supp. 3d at 867–68 (declining to apply the heightened pleading standard and collecting cases); *Jensen v. Thomas*, No. 23-CV-01628-RFL, 2024 WL 5295012, at *2 (N.D. Cal. Aug. 15, 2024).

    On further reflection, this Court now is persuaded that the *Twombly/Iqbal* pleading standard should not apply to affirmative defenses. As other courts have noted, Rule 8(a)(2) requires a pleader to "show[]" that they are entitled to relief, while Rule 8(b)(1)(A) only requires the responding party "state" its defenses. *See Kanaan*, 709 F. Supp. 3d at 868. Additional "practical reasons . . . militate against extending *Twombly* and *Iqbal* to affirmative defenses," including the fact that "defendants typically have a far more compressed timeline . . . to respond" to a complaint and, "unlike a plaintiff who can usually freely amend her complaint if the Court finds that she fails to state a claim, a defendant is required to raise all affirmative defenses in her answer or otherwise risk waiving them." *Id.* Thus, the Court adopts the view that an affirmative defense must only give a plaintiff fair notice of the defense. *See Wyshak*, 607 F.2d at 827.

    Plaintiff argues that the Court should nevertheless strike Defendants' affirmative defenses under the "fair notice" standard. Reply at 2–4. But courts have held that general boilerplate language is enough under this lower standard. *See Jensen*, 2024 WL 5295012, at *2. The Court

3

does not find these pleadings to be so clearly insufficient as to fail to give notice, and it declines to exercise its discretion to strike these affirmative defenses absent any showing that doing so would meaningfully streamline this litigation. *Cf. Miletak v. Nationwide Mut. Ins. Co.*, No. 5:25-CV-03931-PCP, 2025 WL 1918738, at *5–*6 (N.D. Cal. July 11, 2025). The Court therefore **DENIES** the motion to the extent it is based on Defendants' purported failure to plead sufficient facts.

### b. Non-Affirmative Defenses

Plaintiffs also contend two of the defenses—"Failure to State a Cause of Action" and "Reasonable Accommodation"—should be stricken because they are not in fact affirmative defenses and simply attack Plaintiffs' prima facie case. *See* Mot. at 11. "A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). Defendants do not dispute this fact. *See* Opp. at 6–7. The Court therefore strikes these defenses without leave to amend.[2]

Similarly, Plaintiffs urge that Defendants' last defense, reserving the right to assert additional affirmative defenses, is also not an affirmative defense. *See* Mot. at 11. The Court agrees that this reservation is not itself an affirmative defense and is stricken without leave to amend. *See, e.g.*, *United States v. Ogden*, No. 20-CV-01691-DMR, 2021 WL 858467, at *4–*5 (N.D. Cal. Mar. 8, 2021) (striking without leave to amend affirmative defense that "simply reserves the right to assert unspecified defenses later" (quotation omitted)). Nevertheless, the Court notes that Defendants are still not precluded from asserting additional affirmative defenses later. *Id.*

### c. Irrelevant Defenses

Plaintiffs argue that Defendants' defenses for "Business Necessity" and "Legal Necessity" do not apply to the claims at issue. Defendants do not dispute this. *See generally* Opp. at 6–7. The Court therefore strikes these defenses. Defendants make no effort to explain how, if at all,

---

[2] This is of "little practical significance" because Defendants can "challenge [Plaintiffs'] satisfaction of [their] burden to state a valid claim by motion or at trial whether or not" the answer includes the defenses. *Kanaan*, 709 F. Supp. 3d at 869–70.

4

they could amend these defenses to cure the deficiencies that Plaintiffs identified, so the Court strikes these defenses without leave to amend.

### III. CONCLUSION

The Court therefore **GRANTS IN PART** and **DENIES IN PART** the motion to strike, Dkt. No. 22. The Court **STRIKES** Defendants' First Affirmative Defense ("Failure to State a Cause of Action"); Thirteenth Affirmative Defense ("Reasonable Accommodation"); Fourteenth Affirmative Defense ("Business Necessity"); Fifteenth Affirmative Defense ("Legal Necessity"); and Seventeenth Affirmative Defense ("Additional Unknow Defenses/ Reservation of Rights") without leave to amend. The Court otherwise **DENIES** the motion in its entirety.

**IT IS SO ORDERED.**

Dated: 10/10/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge